```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Joshua Fernandes,              )
                               )
          Petitioner,          )
                               )
     v.                        )    Civil Action No.
                               )    23-10056-NMG
Nelson Alves,                  )
                               )
          Respondent.          )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Joshua Fernandes ("Fernandes" or "petitioner") challenges his 2012 convictions in the Massachusetts Superior Court for Suffolk County for first-degree murder and carrying a firearm without a license. In July, 2021, the Massachusetts Supreme Judicial Court ("SJC") affirmed those convictions.

Respondent Nelson Alves ("Alves" or "respondent") contends that Fernandes has failed to exhaust his claims under Massachusetts law that the prosecutor violated his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Batson v. Kentucky, 476 U.S. 79 (1986) by

-1-

exercising peremptory challenges on the basis of race and that his petition is therefore subject to dismissal.[1]

For the reasons that follow, the petition will be dismissed unless it is amended to include only those claims as to which petitioner has exhausted his state-court remedies.

I.   **Background**

In July, 2010, Fernandes was indicted for first-degree murder and carrying a firearm without a license.  He was convicted in June, 2012 on both counts.  On the first-degree murder conviction, Fernandes received a mandatory life sentence without parole.  On the firearm charge, he received a concurrent sentence of four to five years.  The sentence for first-degree murder was later converted to life with the possibility of parole in 15 years.

Fernandes appealed his convictions to the SJC in 2013. Among other arguments, he contended that the prosecutor's use of peremptory challenges to exclude young jurors on the basis of age violated the rights afforded to him under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  In July, 2021, the SJC affirmed Fernandes' convictions.

---

[1] Respondent Nelson Alves is the Superintendent of Massachusetts Correctional Facility at Norfolk.

## II. Federal Proceedings

Fernandes filed the instant petition for habeas corpus in January, 2023. He sets forth seven arguments in support of his petition. The only one that need be considered here is that the prosecutor excluded a majority of the potential black male jurors and all young black males in violation of the Equal Protection Clause and petitioner's due process right.

### a. Legal Standard

A federal court may not grant an application for a writ of habeas corpus unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a petitioner "fairly and recognizably" present his/her federal claims to a state court. Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). Thus, "the legal theory [articulated] in the state and federal courts must be the same." Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014) (quoting Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007)).

> The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light.

Agabalian v. Divris, 621 F. Supp. 3d 180, 184 (D. Mass. 2022) (quoting Domaingue v. Butterworth, 641 F.2d 8, 12 (1st Cir. 1981).

b. **Application**

Respondent contends that petitioner's claim that the prosecutor impermissibly excluded black jurors on the basis of race in violation of the Equal Protection Clause and his due process right is unexhausted. This Court agrees.

In his SJC brief, petitioner's jury selection claim centered on the use by the prosecutor of peremptory challenges based on age, not race. Only one subsection of petitioner's jury selection claim mentioned race and it did so only in the context of his age argument.

In the instant petition, petitioner claims that the prosecutor impermissibly challenged black potential jurors by virtue of their race and refers to specific jurors he contends were targeted during jury selection. That theory and those facts are absent in his SJC brief.

The First Circuit Court of Appeals has identified several ways in which a habeas petitioner may satisfy the fair presentment requirement for the purposes of exhaustion. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). Only two are on point here: that petitioner put forth

> (1) [a] substantive and conspicuous presentation of a federal constitutional claim or (2) [an] on-point citation to federal constitutional precedent[].

Id. Petitioner's citation in his SJC brief to Batson in a string-cite following his argument that age is not a legitimate race-neutral reason for challenging young black jurors does not exhaust his race-based peremptory challenges claim.

Petitioner's age-based claim in his SJC brief and his race-based claim in the instant petition are similar but not the same. The claims implicate different factual and legal concepts. Because petitioner presents a new legal theory and new factual allegations in the instant petition with respect to his claim that the prosecutor used impermissible, race-based peremptory challenges, he has not "fairly and recognizably" presented this claim to the SJC. Accordingly, his claim remains unexhausted. Casella, 207 F.3d at 20.

Where a petition contains exhausted and unexhausted claims, or is, in other words, "mixed," the First Circuit Court of Appeals has held that

> the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims.

DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013). A district court may also stay the mixed petition and hold it in abeyance to allow petitioner to exhaust all claims. Id. However, stay and abeyance is appropriate only where "the district court determines there was good cause for the

petitioner's failure to exhaust." Id. (quoting Rhines v. Weber, 544 U.S. 269, 277 (2005)).

Here, petitioner does not contend there was good cause for his failure to exhaust and this Court is unaware of any. Thus, a stay of these proceedings is not appropriate. Petitioner will be afforded the opportunity to amend his petition to include only exhausted claims.

## ORDER

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** without prejudice. Petitioner may file within a reasonable time an amended petition that includes only claims as to which he has exhausted his state court remedies.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 13, 2023